UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Shirley J. Cassels,

    Plaintiff,

    v.

Carolyn W. Colvin,
Acting Commissioner of the
Social Security Administration,

    Defendant.

Case No. 2:15–cv–1459

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Defendant, the Commissioner of Social Security ("the Commissioner"), objects to the Report and Recommendation ("R&R") that the Magistrate Judge issued in this social security case, ECF No. 17, recommending reversing and remanding the Commissioner's decision. Obj., ECF No. 18. For the following reasons, the Court **OVERRULES** the Commissioner's objections.

## I. BACKGROUND

On November 14, 2011, Shirley J. Cassels ("Plaintiff") applied for social security benefits under 20 C.F.R. Part 404 and supplemental security income under 20 C.F.R. Part 416, alleging a disability since June 30, 2011.

Plaintiff's application was denied initially and on reconsideration. Thereafter, on December 19, 2013, an Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for the period between the date of her

application for benefits and the date of her decision. Plaintiff's request for review by the Appeals Council was denied on March 9, 2015, and the Commissioner adopted the ALJ's decision as the agency's final decision.

Plaintiff appealed the ALJ's decision to this Court on April 27, 2015.

On June 3, 2016, Magistrate Judge Jolson issued an R&R recommending that the action be remanded to the Commissioner for further consideration of the appropriate weight to give to Plaintiff's treating physician, Dr. Divakar Bangera. The Commissioner objects to that recommendation.

As the Commissioner does not object to the Magistrate Judge's summary of the medical evidence, the Court incorporates it herein.

## II. STANDARD OF REVIEW

Magistrate Judge Jolson issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## III. ANALYSIS

The Magistrate Judge determined that the ALJ erred by discounting Dr. Bangera's opinion without providing "good reasons" for the finding. R&R 7, ECF No. 17. Thus, the Magistrate Judge concluded, "If the ALJ does not, as is the

case here, then it does not matter whether substantial evidence supports the ALJ's conclusion." *Id.* at 9.

On objection, the Commissioner asserts that the ALJ acknowledged Plaintiff's ailments but "reasonably concluded, after reviewing all of the evidence, . . . that Dr. Bangera's opinion, which concluded that Plaintiff was essentially bedridden, was inconsistent with this evidence." Obj. 2–3, ECF No. 18.

Generally, a treating physician's opinion on the issue of disability is entitled to greater weight than that of a physician who examined the plaintiff on only one occasion or who has merely conducted a paper review of the medical evidence of record. *Hurst v. Schweiker*, 725 F.2d 53, 55 (6th Cir. 1984); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In fact, if the treating source's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it is given controlling weight. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). On the other hand, a treating physician's opinion is not controlling when it is not supported by detailed clinical and diagnostic test evidence. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). In that event, the ALJ evaluates all the medical source evidence and determines what weight to assign each source, including treating sources. 20 C.F.R. §§ 404.1527(c), 416.927(c). The ALJ considers: the length of the relationship and frequency of examination; the nature and extent of the treatment relationship; how well-supported the

opinion is by medical signs and laboratory findings; its consistency with the record as a whole; the treating source's specialization; other factors such as the source's familiarity with the Social Security program and understanding of its evidentiary requirements; and the extent to which the source is familiar with other information in the case record relevant to the decision. 20 C.F.R. §§ 404.1527(c)(1)–(6), 416.927(c)(1)–(6).

The Commissioner's argument on objection is not well taken. The Commissioner argues that the record supports the conclusion made by the ALJ, which was to afford Dr. Bangera's opinion little weight. However, in this case, the ALJ failed to give any reasons, let alone good reasons, as to the weight that he afforded Dr. Bangara's opinion.

The ALJ's determination must be sufficiently clear for a reviewing court. SSR 96-2P, 1996 WL 374188, at *5 (S.S.A. 1996) ("Paragraph (d)(2) of 20 CFR 404.1527 and 416.927 requires that the adjudicator will always give good reasons in the notice of the determination or decision for the weight given to a treating source's medical opinion(s), i.e., an opinion(s) on the nature and severity of an individual's impairment(s).").

A decision denying benefits must make clear the weight the ALJ gave the treating source's opinion and the reasons for that weight. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Here, the ALJ discounted Plaintiff's treating physician's opinion in a single conclusory paragraph. In light of this failure to provide explanation, a reviewing court can only conclude that the ALJ did not consider the evidence in determining how much weight to afford the doctor.

The Commissioner argues that: "In all, the ALJ's evaluation of Dr. Bangera's opinion was supported by substantial evidence in the record and he gave good reasons throughout his written decision for his conclusion." Obj. 3, ECF No. 18 (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993)). However, neither the *Her* Court nor the *Bogle* Court was faced with a bare-bone conclusory finding by the ALJ. Rather, in *Her*, the ALJ provided a detailed account for discounting the a non-treating physician's opinion, which happened to be the only doctor opinion in the record. 203 F.3d at 390–391. And, in *Bogle*, the Court found that the ALJ accounted for his refusal to credit the treating physician by noting specific tests and examinations that ran contrary to the treating physician's findings. 998 F.2d 342, 348. Here, without any explanation for his conclusions as to the weight he gave to the doctor's opinion, this Court cannot adequately review the ALJ's determination. The Court must therefore overrule the Commissioner's objection and remands the case for further review.

## IV. CONCLUSION

The Court **OVERRULES** the Commissioner's objections and **ADOPTS** the R&R. The Commissioner's decision is **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and **REMANDED** to the Commissioner for further consideration.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT